# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT ANTHONY DAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-713-G |
| | ) |
| MVT SERVICES, LLC, d/b/a | ) |
| MESILLA VALLEY | ) |
| TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MVT SERVICES, LLC
## d/b/a MESILLA VALLEY TRANSPORTATION
## ANSWER AND DEFENSES

COMES NOW, Defendant MVT Services, LLC, d/b/a Mesilla Valley Transportation, (hereinafter "MVT"), by and through its counsel of record, COFFEY, SENGER & WOODARD, PLLC, and hereby submits its Answer and Defenses to Plaintiff's *Petition* filed June 19, 2020. In furtherance and support of this Answer and Defenses, Defendant states and alleges as follows:

Defendant enters a general denial of all claims and/or allegations contained in Plaintiff's *Petition* [Dkt. 1, Ex. 2] unless specifically admitted herein.

1. Defendant is without sufficient information or knowledge to admit the allegations contained in Paragraph 1 of Plaintiff's *Petition* [Dkt. 1, Ex. 2]. As such, Defendant denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

3. Defendant is without sufficient information or knowledge to admit the allegations contained in Paragraph 3 of Plaintiff's *Petition* [Dkt. 1, Ex. 2]. As such, Defendant denies the same.

4. The allegations contained in Paragraph 4 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] constitute legal conclusions to which no response is required. Further, Defendant does state and allege that this Court, the United States District Court for the Western District of Oklahoma has jurisdiction over the parties as set forth the in the Notice of Removal. [Dkt. 1].

5. The allegations contained in Paragraph 5 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] constitute legal conclusions to which no response is required. Further, Defendant does state and allege that this Court, the United States District Court for the Western District of Oklahoma has jurisdiction over the parties as set forth the in the Notice of Removal. [Dkt. 1].

## Response to General Allegations

6. In response to Paragraph 6 of Plaintiff's *Petition* [Dkt. 1, Ex. 2], Defendant hereby incorporates and restates its responses to Paragraphs 1 through 5 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] as is fully set forth herein.

7. Defendant is without sufficient information or knowledge to admit the allegations contained in Paragraph 7 of Plaintiff's *Petition* [Dkt. 1, Ex. 2]. As such, Defendant denies the same.

8. In response to the allegations contained in Paragraph 8 of Plaintiff's *Petition* [Dkt. 1, Ex. 2], Defendant admits that at approximately 7:00 AM on January 3, 2019, a tractor owned by MVT Leasing, Inc. and operated by an independent contractor acting within the course and scope of his independent contractor relationship with the Defendant MVT Services, LLC d/b/a Mesilla Valley Transportation, was traveling on eastbound Interstate 40 near Rockwell Avenue. Defendant is without sufficient information or knowledge to admit the remaining allegations contained in Paragraph 8 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] as stated. As such, Defendant denies the same.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

### Response to Count I - Negligence

14. In response to Paragraph 14 of Plaintiff's *Petition* [Dkt. 1, Ex. 2], Defendant hereby incorporates and restates its responses to Paragraphs 1 through 13 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] as is fully set forth herein.

15. The allegations contained in Paragraph 15 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] constitute legal conclusions to which no response is required.

16. The allegations contained in Paragraph 16 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] constitute legal conclusions to which no response is required.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

## Response to Count II – Negligence *Per Se*

19. In response to Paragraph 19 of Plaintiff's *Petition* [Dkt. 1, Ex. 2], Defendant hereby incorporates and restates its responses to Paragraphs 1 through 18 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] as is fully set forth herein.

20. The allegations contained in Paragraph 20 of Plaintiff's *Petition* [Dkt. 1, Ex. 2] constitute legal conclusions to which no response is required.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

25. Defendant denies the allegations contained in the Wherefore Paragraph of Plaintiff's *Petition* [Dkt. 1, Ex. 2].

## **DEFENSES AND AVOIDANCES**

For further answer and defense, Defendant MVT pleads the following defenses and avoidances as likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

1. General denial of negligence / negligence *per se*.

2. General denial of all claims and damages.

3. Plaintiff failed to plead a claim against this Defendant upon which relief can be granted.

4. No claims of direct negligence have been asserted against this Defendant.

5. To the extent claims for direct negligence claims have been plead against this Defendant, such claims are prohibited by *Jordan v. Cates* and its progeny.

6. The Federal Motor Carrier Safety Regulations may not be used to prove a claim for negligence or negligence *per se*.

7. An accident may not have occurred.

8. The mere fact an accident may have occurred does not give rise to a claim for negligence or negligence *per se* against this Defendant.

9. Plaintiff may have failed to keep a proper lookout for his own safety.

10. Plaintiff may have had the last clear chance to avoid the alleged subject accident.

11. Plaintiff may have failed to use ordinary care with due regard to the existing conditions to prevent injury to himself.

12. Plaintiff's alleged injuries may have been caused by his sole negligence, majority negligence, contributory negligence and/or comparative fault.

13. Plaintiff's comparative negligence may have exceeded any alleged negligence by the Defendant thereby prohibiting recovery. *See* 23 O.S. § 13.

14. The subject accident resulted from one or more factors, over which Defendant had no control or right of control and which could not have been reasonably predicted, foreseen or prevented.

15. The subject accident may have resulted from the negligence and/or conduct of parties and/or persons over which Defendant had no control or right of control.

16. Defendant asserts the defense of intervening and/or supervening events may apply.

17. Defendant would assert that neither it nor any person or entity under its control acted negligently.

18. Assuming, arguendo, a claim has been made against Defendant through *respondeat superior* for negligence; Defendant and its independent contractor acted appropriately and with ordinary care and therefore was not negligent.

19. Assuming, arguendo, a claim has been made against this Defendant through *respondeat superior* for negligence; neither Defendant or its independent contractor owed a duty of care to Plaintiff or otherwise breached any duty which proximately caused Plaintiff's injuries.

20. Should Defendant or its independent contractor be found to have violated a known duty, statute, regulation, or ordinance, such violation was not the direct cause of the accident.

21. Should Defendant or its independent contractor be found to have violated a known duty, statute, regulation or ordinance, such conduct was a condition and not the cause of the accident.

22. Neither Defendant nor its independent contractor's conduct was the cause of the accident.

23. Neither Defendant nor its independent contractor's conduct was the proximate cause of the accident or Plaintiff's alleged injuries and/or damages.

24. Plaintiff's alleged injuries and/or damages may not be causally connected to the alleged subject accident.

25. Plaintiff may not have been injured in the alleged subject accident.

26. Defendant would state that no recovery of damages should be allowed for any losses that the Plaintiff reasonably could have avoided and failed to do so.

27. Plaintiff may have failed to mitigate his damages.

28. To the extent any damages are attributed to Defendant, Plaintiff's medical bills are limited to the amounts actually paid, rather than the amounts incurred, pursuant to 12 O.S. §3009.1.

29. The medical care and treatment alleged by Plaintiff may not be reasonable or necessary.

30. Defendant would assert that neither it nor any person or entity under its control acted with reckless disregard of the rights of others, carelessly, or intentionally with malice towards others.

31. Punitive damages are unconstitutional under both the Constitution of the United States and the Oklahoma Constitution.

32. To the extent any punitive damages are awarded to Plaintiff, said damages are limited pursuant to 23 O.S. §9.1.

33. Any applicable punitive damages award and/or applicable caps should be based upon the financial condition of Defendant's independent contractor, as his actions are at issue respective to any punitive damages conduct.

34. Defendant reserves the right to supplement and amend this *Answer* upon completion of discovery and prior to Pretrial Conference.

35. To the extent any other applicable caps or limitation on damages are applicable, Defendant reserves the right to amend this *Answer* to include the same.

WHEREFORE, Defendant MVT Services, LLC, d/b/a Mesilla Valley Transportation respectfully prays this Court grant it judgment in its favor, dismiss Plaintiff's claim(s) and award it any other relief this Court deems just and equitable.

        Respectfully Submitted,

        s/Nicholaus A. Hancock
        Robert P. Coffey, Jr., OBA #14628
        Nicholaus A. Hancock, OBA #31576
        **COFFEY, SENGER & WOODARD, PLLC**
        4725 East 91st Street, Suite 100
        Tulsa, OK 74137
        P:  918-292-8787
        F:  918-292-8788
        Robert@cswlawgroup.com
        Nicholaus@cswlawgroup.com
        *Attorneys for Defendant*
        *MVT Services, LLC d/b/a*
        *Mesilla Valley Transportation*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of July 2020, I electronically transmitted the foregoing/attached document to the Clerk of Court using the ECF System for filing.

    John D. Coury
    HCA Legal Group
    825 East 33rd Street
    Edmond, OK  73013
    *Attorney for Plaintiff*

        s/Nicholaus A. Hancock
        Nicholaus A. Hancock